Nott, J.
I concur in the opinion which has been delivered in this case, except in that part allowing annual rests in the calculation of interest. The rule for calculating interest has long been settled in this and I *cannot lay it down with more precision than in the words of Chancellor Kent, in the case of Connecticut v. Jackson, 1 Johns. Cha. Rep. 17. The rule for casting interest when partial payments have been made, is, to apply the payments, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payments be less than the interest, the surplus of interest must not be taken to augment the principal, but interest continues on the former principal until the period when the payments taken together exceed the interest due; and then the surplus is to be applied towards discharging the principal: and interest is to be computed on the balance of principal, as aforesaid. That method of calculating interest has been settled by the decisions of our courts for more than thirty years. There are indeed exceptions to this rule. In the case of Bowles, et ux. v. Drayton, 1 Desaus. Rep. 496, where a testator had given a legacy to his daughter, to be paid on the day of her marriage, or on her arrival at the age of twenty-one years, and directed the interest thereon to be paid annually for her maintenance and education, the court allowed interest on the arrears of interest, because the will directed that sum to be paid annually; and the provisions of the will ought to be complied with. So when an executor *343 or trustee employs money in trade, or otherwise, for his own benefit, and refuses to account for the profits, the court may in its discretion make annual rests, and make him pay interest on those balances. Schiefferlin v. Stewart, 1 Johns. Cha. Rep. 629. But I have never known it to be allowed on a mere neglect to pay over money. I do not think, therefore, it ought to be made a general rule; but ought to be only in special cases, and those cases, like exception to a general rule, must depend *upon their own peculiar circumstances. Perhaps where a sum has been reported due by the master, and that report has been confirmed by the court, interest ought to be because then it be considered a sum liquidated.
Mr. Justice Johnson concurred in the views expressed by Mr. Justice Nott.